IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOARDS OF TRUSTEES OF OHIO**
**LABORERS' FRINGE BENEFIT**
**PROGRAMS,**

        Plaintiffs,

  vs.                                    Civil Action 2:12-cv-1105
                                          Magistrate Judge King

**WORLD WIDE BUSINESS SERVICES**
**CORPORATION,**

        Defendant.

<u>OPINION AND ORDER</u>

     Plaintiffs bring this action pursuant to § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, and § 502 of the Employees Retirement Income Security Act of 1972, 29 U.S.C. § 1132 *et seq.,* seeking recovery for amounts allegedly due certain employee benefit plans.  This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiffs' Motion for Summary Judgment*, Doc. No. 14.  Although defendant, who is represented by counsel, was expressly granted until October 1, 2013 to respond to the motion and was advised of the likely consequences of its failure to respond, *see Order,* Doc. No. 15, there has nevertheless been no response to that motion.

I.    Background

     Plaintiffs consist of the Boards of Trustees for The Ohio Laborers' Fringe Benefit Programs (hereinafter "Benefit Programs"), an association of three employee benefit trust funds and one labor

management cooperative trust.[1] *Complaint,* Doc. No. 1, ¶ 2. Defendant World Wide Business Services Corporation ("World Wide") is an employer with its principal place of business in Groveport, Ohio. *Id.* at ¶ 3.

World Wide executed collective bargaining agreements that require it to make contributions to the Benefit Programs. *Affidavit of Plaintiffs' Administrative Manager* ("*Archer Affidavit*"), attached to *Plaintiffs' Motion for Summary Judgment* as Doc. No. 14-2, at ¶ 11, Exhibits A-1, A-2, A-3. Plaintiffs allege that World Wide acted in breach of those agreements by failing to make monthly contributions to the Benefit Programs. *Complaint,* ¶ 6. Specifically, plaintiffs allege that World Wide failed to pay $13,530.89 for the period February 2012 through October 2012 and was late in paying $10,877.03 during the period February 2012 through May 2012. *Plaintiffs' Motion for Summary Judgment,* p. 3, Exhibit C; *Archer Affidavit,* ¶¶ 13-14. Plaintiffs request recovery of principal amounts due as well as liquidated damages and interest pursuant to the collective bargaining agreement totaling $3,777.19. *Plaintiffs' Motion for Summary Judgment,* p. 3, Exhibit C; *Archer Affidavit,* ¶ 17. Plaintiffs also request an award of attorney's fee in the amount of $5,750.00. *See Plaintiffs' Motion for Summary Judgment,* p. 4, Exhibit D; *Plaintiff's Affidavit in Support of Their Motion for Summary Judgment and Application for*

---

[1] The three employee benefit trust funds are: (1) Ohio Laborers' District Council - Ohio Contractors' Association Insurance Fund, (2) Laborers' District Council and Contractors' Pension Fund of Ohio, and (3) Ohio Laborers' Training and Apprenticeship Trust Fund. The labor management cooperative trust is Ohio Laborers' District Council - Ohio Contractors' Association Cooperation and Education Trust (Section 302(c)(9) of the Labor Management Relations Act). *Complaint*, Doc. No. 1, ¶ 2.

*Attorney Fees,* attached to *Plaintiffs' Motion for Summary Judgment* as Doc. No. 14-1, at ¶ 2.

**II. Discussion**

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Pursuant to Rule 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).  "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

As noted *supra*, defendant has not responded to *Plaintiffs' Motion for Summary Judgment;* the facts stated in the affidavits and other papers submitted in support of *Plaintiffs' Motion for Summary Judgment* will therefore be accepted as true by the Court.  *See* Fed. R. Civ. P. 56(e).

Plaintiffs have presented evidentiary support for all pertinent aspects of their motion for summary judgment.  Because defendant has made no response to the motion, the Court concludes that there is no genuine issue as to any material fact and that plaintiffs are entitled to the relief sought in their motion for summary judgment.  *See Celotex Corp.*, 477 U.S. 317; Fed. R. Civ. P. 56(e).

Accordingly, the Court concludes that *Plaintiffs' Motion for Summary Judgment*, Doc. No. 14, is meritorious and it is therefore **GRANTED**. Plaintiffs are **AWARDED** judgment in the amount of $17,308.08, plus interest from the date of judgment at the rate of one (1) percent per month, plus the costs of this action. Plaintiffs are also **AWARDED** a reasonable attorney's fee in the amount of $5,750.00.

The Clerk shall enter **FINAL JUDGMENT** accordingly.


October 11, 2013                                 *s/Norah McCann King*
                                                 Norah M<sup>c</sup>Cann King
                                                 United States Magistrate Judge